LAW OFFICES
## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

ANA C. REYES
(202) 434-5276
areyes@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

April 5, 2017

*Via ECF and First-Class Mail*

Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

      Re: *In re Incretin-Based Therapies Product Liability Litigation*, No. 15-56997

Dear Ms. Dwyer:

      Defendants-Appellees respond to Plaintiffs-Appellants' Rule 28(j) letter regarding *In re Fosamax*, No. 14-1900 (3d Cir. Mar. 22, 2017).

      The issue addressed in *Fosamax*—in Plaintiffs' words, "who should determine whether clear evidence exists?"—is not at play in this appeal. In the decision under review, the district court held that the question of whether a claim is preempted under *Wyeth* v. *Levine* is a matter of law. E.R. 7–8. Plaintiffs elected not to appeal that determination; they did not identify it as one of their issues presented for review, nor did they mention it anywhere in their opening brief. They refer to it only in one sentence of a footnote in their reply brief—which is plainly insufficient to preserve it for appeal. *See*, *e.g.*, *Estate of Saunders v. Commissioner*, 745 F.3d 953, 962 (9th Cir. 2014).

      To the extent Plaintiffs now seek to argue before this Court that the question whether a claim is preempted under *Levine* is a matter of fact for the jury, that is inconsistent with the fact that Plaintiffs cross-moved for summary judgment on preemption. Plaintiffs' cross-motion highlights a distinctive feature of this case: The relevant facts regarding what FDA did and said about incretin drugs are undisputed. Whether those facts add up to "clear evidence" is a legal question, under the general principle that "[p]reemption is . . . a matter of law subject to de novo review." *Indus. Truck Ass'n, Inc. v. Henry*, 125 F.3d 1305, 1309 (9th Cir. 1997).

WILLIAMS & CONNOLLY LLP

Molly C. Dwyer, Clerk of the Court
April 5, 2017
Page 2

      To the extent the Third Circuit suggested preemption is a jury issue in *Fosamax*, its decision cannot be reconciled with *Levine* and the cases decided under it. While there were disputed questions of fact in *Levine*, the Court did not remand the issue of preemption under the "clear evidence" standard for a jury determination. To the best of our knowledge, no federal court since *Levine* has submitted the issue of preemption under that standard to a jury either.

                                     Respectfully submitted,

                                     /s/ Ana C. Reyes

                                     Ana C. Reyes[*]

cc:    Counsel of Record

---

[*] I attest that all Defendants-Appellees concur in the content of this letter.